# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

DAWN MARIE WINES,
ADC #710968                                                                                      PLAINTIFF

v.                                          1:14CV00144-JLH-JTK

TINA BABB, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff Dawn Wines is a state inmate confined at the McPherson Unit of the Arkansas Department of Correction (ADC). She filed this pro se 42 U.S.C. § 1983 action against five named Defendants, but did not include specific allegations of constitutional violations by any of the individuals. (Doc. No. 2.) By Order dated November 25, 2014 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit and provided her the opportunity to amend her Complaint. Plaintiff filed an Amended Complaint (Doc. No. 5).

Having reviewed Plaintiff's Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

2

or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.   Facts and Analysis

In her Amended Complaint, Plaintiff alleges that she tried to commit suicide about 3 p.m. on July 16, 2014, by slitting her wrist with a razor blade. (Doc. No. 5, p. 4) Medical staff treated her and she was then placed in segregation, stripped of her clothing, given a blanket and gown, and placed in a suicide cell. (Id.) Officers notified mental health of the incident several times later that day and requested that someone evaluate Plaintiff. (Id.) The next morning, about 10:15 a.m., a representative from mental health evaluated Plaintiff and concluded she was not suicidal but should be placed on behavioral control. (Id., p. 5) Plaintiff was then placed on behavioral control for 72 hours without a mat, underwear, or personal hygiene needs. (Id.) Plaintiff alleges Defendant Babb, a mental health counselor, knew her history of mental health issues and acted with deliberate

indifference by not evaluating her immediately when she was contacted. (Id., pp. 5-6) In addition, Defendant Irvine was deliberately indifferent for failing to provide Plaintiff with basic hygiene and human needs while she was in behavioral control. (Id., p. 5)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In order to support an Eighth Amendment claim for relief for unconstitutional conditions of confinement, Plaintiff first must allege that the conditions were objectively, sufficiently serious, that the punishment imposed amounted to "the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994), citing Rhodes v. Chapman, 425 U.S. 337, 347 (1981). Second, Plaintiff also must allege that the Defendants acted with deliberate indifference (not negligence or inadvertence) to his need for health and safety. Farmer , 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 303, 305-06 (1991).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.)) "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4 (quoting Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994)). An inmate who slept without a mattress or blanket for four days on a concrete slab in the winter was not denied the minimal civilized measures of life's

4

necessities, in O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir. 1996). Furthermore, placement in a strip cell without clothes, water, mattress, pillow, sheets or blanket for four days was found not unconstitutional in Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995). Finally, in Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995), the court held that plaintiff failed to support a constitutional claim for relief based on his placement in a strip cell without clothes, water, a mattress or blanket for two days, when he provided no evidence that he suffered any injury or adverse health consequences or that the Defendants knew of and disregarded an excessive risk to his health and safety.

Based on this case law, the Court finds that Plaintiff's allegations against Defendant Irvine should be dismissed, for failure to state an Eighth Amendment claim for relief. Plaintiff claims Irvine "subjected" her to certain conditions for 86 hours, including no personal hygiene items and basic human needs, no mat, and no underwear. Plaintiff admits she was provided a blanket and gown. She does not allege she was deprived of an identifiable human need such as food, warmth, or exercise. See Whitnack v. Douglas County, 16 F.3d at 957. She also does not allege she was cold or suffered any injury or adverse health consequences as a result of the deprivation. (The Court takes judicial notice that the incident occurred in July in northern Arkansas.)

The Court also finds that Plaintiff fails to state a constitutional claim for relief with respect to her allegation that Defendant Babb failed to immediately conduct a mental evaluation of her. According to the Amended Complaint, Babb was informed of Plaintiff's mental state and suicide attempt, and knew of her mental health history. Plaintiff admits, however, that she was treated immediately by medical personnel following her suicide attempt, and then placed in a suicide cell, pending the mental health evaluation. It is also clear that the mental health evaluation took place

within twenty-four hours of Plaintiff's suicide attempt. Plaintiff does not allege that she suffered or was harmed in any way while waiting for the evaluation, or that she was deprived of adequate care. Therefore, the Court finds that her allegations against Defendant Babb fail to support an Eighth Amendment deliberate indifference claim. At most, Plaintiff alleges negligence, which is not a constitutional violation. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). And, although Plaintiff refers to Defendant Rogers in her Amended Complaint, as the mental health person who evaluated her, she does not allege any constitutional violations by him.

Finally, Plaintiff does not include any allegations in her Amended Complaint against named Defendants Everetts and Sutterfield. Therefore, her claims should be dismissed for failure to state a claim upon which relief may be granted

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2. This dismissal constitute a "strike" within the meaning of the PLRA.[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 19th day of December, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE